IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MCSHANE CONSTRUCTION COMPANY, LLC, | |
| Plaintiff, | 8:14-CV-419 |
| vs. | MEMORANDUM AND ORDER |
| GOTHAM INSURANCE COMPANY, | |
| Defendant. | |

In its Memorandum and Order of March 29, 2016 (filing 35), the Court dismissed plaintiff McShane Construction Company's complaint for failure to state a claim upon which relief could be granted. This matter is now before the Court on McShane's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) (filing 37), taking issue with various aspects of the Court's decision. McShane's motion will be denied in all respects.

McShane prefaces its argument by advising the Court that its underlying claims against Mallory Fire Protection Services have since been tried in the District Court for Douglas County and are under submission to that court. Filing 38 at 1-2. Attached to McShane's memorandum are the suggested findings of fact and conclusions of law that it submitted to the state trial court. Filing 38 at 17-124. McShane asserts that "[b]ecause the Court was not aware of such facts—and McShane was not given any opportunity to replead even to attempt to address concerns that the Court might have had—McShane's complaint should not have been dismissed, and the judgment should be vacated." Filing 38 at 3.

But McShane does nothing further to identify what precisely, in the 108 pages of suggested findings and conclusions that it submitted, merits leave to replead its complaint. The Court has considerable discretion to deny a post-judgment motion for leave to amend, and while the Court may not ignore the Fed. R. Civ. P. 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits, post-judgment motions for leave to amend are disfavored. *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009). McShane did not seek leave to amend its complaint before it was dismissed, and the Court was not obliged to invite amendment. *See United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742 (8th Cir. 2014). Nor has McShane offered a proposed amended complaint. *See*

*id.* Instead, McShane is apparently inviting the Court to fish through 108 pages of proposed findings and decide for itself whether anything it discovers warrants repleading. The Court declines McShane's invitation.

Next, McShane contends that "property damage," within the meaning of the Gotham Policy, includes repair costs. Filing 38 at 2-3. But the Court did not hold otherwise. Instead, the Court held that the coverage McShane sought depended on, among other things, an "occurrence" within the meaning of the Policy and McShane being "legally obligated to pay," and the Court found both elements lacking. Filing 35 at 7-9. Whether repairing Mallory's work can be "property damage" does not change that conclusion.

That is, presumably, why McShane advances its next argument: that "faulty and negligent construction, especially by a subcontractor, was intended to be covered and constituted an 'occurrence'" under a standard commercial general liability (CGL) policy. Filing 38 at 4-6. McShane appears to be taking issue with the Court's reliance upon *Auto-Owners Insurance Co. v. Home Pride Companies, Inc.*, in which the Nebraska Supreme Court quite plainly held that "faulty workmanship, standing alone, is not an occurrence under a CGL policy. . . ." 684 N.W.2d 571, 577 (Neb. 2004) (emphasis omitted). McShane's argument is that since *Auto-Owners* was decided, "virtually every jurisdiction in the cases cited by the Nebraska Supreme Court . . . later proceeded to engage in lengthy analyses of the . . . development of the CGL form" and concluded that coverage should be extended. Filing 38 at 4-5.

Perhaps so. The Court recognizes a split of authority on that question, the existence of a trend towards finding an "occurrence" under these circumstances, and that the majority rule may now favor coverage. *See Greystone Constr., Inc. v. Nat'l Fire & Marine Ins. Co.*, 661 F.3d 1272, 1282-83 (10th Cir. 2011); *see generally* Christopher C. French, *Construction Defects: Are They "Occurrences"?*, 47 Gonz. L. Rev. 1, 22-41 (2011). But where a state supreme court has clearly spoken on an issue of state law, a federal court is bound by that decision. *Life Inv'rs Ins. Co. of Am. v. Corrado*, 804 F.3d 908, 912 (8th Cir. 2015). The Nebraska Supreme Court can reconsider *Auto-Owners*, but this Court cannot.

Next, McShane disagrees with the Court's findings that McShane was not a third-party beneficiary of the policy, and that McShane did not plead a breach of the covenant of good faith and fair dealing. Filing 38 at 7-9. McShane asserts, in both respects, that it should at least be allowed to conduct discovery. Filing 38 at 8-9. But McShane has not identified what it expects that discovery to accomplish. The Court rejects McShane's arguments for the reasons explained in its March 29, 2016 Memorandum and Order. Filing 35 at 9-11.

McShane also takes issue with the Court's conclusion that McShane did not plead a claim for waiver and estoppel. McShane contends that it incurred expenses in repairing Mallory's allegedly deficient work and that it was prejudiced by Gotham's inconsistency and delay in adjusting McShane's claim. Filing 38 at 9-10. But even if Gotham was "affirmatively misleading" McShane, as McShane contends, filing 38 at 10, that is not enough for Gotham to have waived or been estopped from denying coverage under Nebraska law. Nothing McShane alleged constitutes a definitive representation or assumption of a position to which Gotham can be equitably held. *See* filing 35 at 13-14. In the absence of some conduct akin to assuming the insured's defense without a reservation of rights, there is no basis for estoppel or waiver.[1]

Finally, McShane argues that the Court failed to fully consider its "rescue doctrine" argument. McShane admits it mislabeled that claim in its complaint, and contends it was actually pleading a claim for mitigation expenses. Filing 38 at 13. The Court recognizes that expenses necessarily incurred in the course of mitigating damages are recoverable by an insured. *See Curtis O. Griess & Sons, Inc. v. Farm Bureau Ins. Co. of Neb.*, 528 N.W.2d 329, 333-34 (Neb. 1995); *see also Slay Warehousing Co., Inc. v. Reliance Ins. Co.*, 471 F.2d 1364, 1367-68 (8th Cir. 1973). But both the duty to mitigate, and the duty to reimburse the insured for mitigation expenses, rest on an underlying insured loss. *See W.M. Schlosser Co. v. Ins. Co. of N. Am.*, 600 A.2d 836, 838-40 (Md. 1992); *see also*, *The Phoenix Ins. Co. v. Infogroup, Inc.*, No. 113-CV-5, 2015 WL 7755976, at *10 (S.D. Iowa Nov. 30, 2015); *Thornewell v. Indiana Lumbermens Mut. Ins. Co.*, 147 N.W.2d 317, 321 (Wis. 1967); *Grebow v. Mercury Ins. Co.*, 194 Cal. Rptr. 3d 259, 267 (Ct. App. 2015), *as modified on denial of reh'g* (Oct. 26, 2015), *review denied* (Jan. 13, 2016). The Court has already found that no insurable loss is present here.

IT IS ORDERED that Plaintiff's Motion to Alter or Amend Judgment (filing 37) is denied.

---

[1] It is also worth noting that, at various points, McShane insists that it was legally required to undertake repair and remediation work as a result of Mallory's performance. *See* filing 38 at 2-3. If that is the case, then it is difficult for the Court to see how McShane could have undertaken that work in reliance on Gotham's purported representations.

Dated this 9th day of May, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge